UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY J. HOFFMAN,

        Plaintiff,

       v.                                   Case No. 25-cv-0012-bbc

TROY BEYER,

        Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Bradley Hoffman, who was incarcerated at the time he brought this action but has since been released, is representing himself in this 42 U.S.C. §1983 case. On July 1, 2025, Defendant filed a motion for summary judgment on the ground that Hoffman failed to exhaust the administrative remedies. Dkt. No. 23. The next day, the Court entered a notice and order in which it informed Hoffman that his response materials were due by July 31, 2025. The Court warned Hoffman that if he did not respond by the deadline or ask for more time to do so, the case could be dismissed based on his failure to comply with the Court's order and the Local Rules. Dkt. No. 27.

      The deadline has passed, and Hoffman neither responded to the motion nor asked for more time to do so. Accordingly, as warned, the Court will dismiss this case based on Hoffman's failure to comply with the Court's order and the Local Rules. Further, given that Hoffman would likely be entitled to only nominal damages, *see* 42 U.S.C. 1997e(e), and given that he is no longer incarcerated and therefore may practice his religion however he desires, the Court can reasonably

infer from his failure to respond to Defendants' motion that he is no longer interested in prosecuting this action. Therefore, dismissal under Civil L. R. 41(c) is also warranted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** based on Hoffman's failure to comply with the Court's order and the Local Rules and based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 23) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 14, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.